USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/15/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| | : | 16-CV-5044 (VEC) |
| | : | 88-CR-325-2 (VEC) |
| -against- | : | |
| | : | ORDER |
| | : | |
| NELSON VARGAS, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS Mr. Nelson Vargas filed a petition pursuant to 28 U.S. Code § 2255, arguing that his sentence from 1991 should be vacated because the definition of "crime of violence" under the career offender Sentencing Guidelines, U.S.S.G. §§ 4B1.1, 4B1.2, which were mandatory at the time, contains an unconstitutionally vague residual clause, *see* No. 16-CV-5044, Dkt. 11;

WHEREAS the petition was filed within one year of the Supreme Court's decision declaring an identical, statutory residual clause unconstitutionally vague, *see Johnson v. United States*, 135 S. Ct. 2551 (2015);

WHEREAS the Second Circuit has recently held that a § 2255 petition that sought to vacate a sentence that was imposed when the Guidelines were mandatory based on *Johnson* was untimely filed, despite the petition being commenced within one year of *Johnson*, *see Nunez v. United States*, No. 18-1803, 2020 WL 1501937 at *3, 5 (2d Cir. Mar. 30, 2020);

IT IS HEREBY ORDERED that Mr. Vargas must file a letter, no later than **April 28, 2020**, explaining whether there is any reason why his petition should not be withdrawn or summarily dismissed in light of the Second Circuit's decision in *Nunez*. If necessary, the

Government must file a response by **May 5, 2020**.

**SO ORDERED.**

**Dated: April 15, 2020**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**